UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HARSIL DIKULKUMAR AMIN, #204223953,

        Petitioner,

v.                                         ACTION NO. 2:19cv396

JEFFREY CRAWFORD,
Director Farmville Detention Center, and

LYLE BOELENS,
Deputy Field Office Director,
Immigration and Customs Enforcement,

        Respondents.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was brought by petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition (ECF No. 8) be **GRANTED**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I. STATEMENT OF THE CASE

At the time he filed his *pro se* petition pursuant to 28 U.S.C. § 2241, petitioner, Harsil Dikulkumar Amin ("Amin"), was a deportable alien in the custody of United States Immigration and Customs Enforcement ("ICE") at the Farmville Detention Center in Farmville, Virginia. ECF No. 1 at 2, 5. Amin challenged his continued detention pending his removal to his country of citizenship. *Id.* at 5–12.

Amin is a citizen of India who was admitted to the United States on May 15, 2007, on a tourist visa that allowed him to remain in the United States until November 15, 2007. Decl. of Paul Trump ("Trump Decl.") ¶ 5, ECF No. 9-1. Amin remained in the United States beyond that date, and was convicted of possession of marijuana in Virginia on five occasions between 2016 and 2018. *Id.* at ¶¶ 5–6.

ICE arrested Amin on October 17, 2017, and charged him with removability under Immigration and Nationality Act ("INA") § 237(a)(1)(B) as an alien who has remained in the United States beyond the period granted by his visa, and under INA § 237(a)(2)(B)(i) as an alien who has been convicted of a controlled substance offense. *Id.* at ¶ 7; *see also* 8 U.S.C. § 1227(a)(1)(B), (a)(2)(B)(i). Following removal proceedings on December 12, 2018, an immigration judge ordered Amin removed from the United States to India. Trump Decl. ¶ 8. India issued the proper travel documents in July 2019, and Amin was removed from the United States to India via a commercial flight on July 31, 2019. *Id.* at ¶¶ 9–10.

On July 29, 2019, two days prior to his removal, Amin filed a petition pursuant to 28 U.S.C. § 2241 in this Court seeking release from custody pending removal. ECF No. 1 at 9, 13. On October 9, 2019, the United States requested dismissal of the petition. ECF No. 8. Amin did not file a response, and the time for filing has expired. The matter is now ripe for decision.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court lacks jurisdiction over Amin's petition because there is no longer a live case or controversy. *See* U.S. Const. art. III, § 2. "Article III of the Constitution grants this Court authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.'" *Camreta v. Greene*, 563 U.S. 692, 701 (2011). For a case to be "fit for federal-court adjudication," the parties must demonstrate a "personal stake" in the proceedings by satisfying three conditions: "an injury in fact," "caused by the conduct complained of," and "that will be redressed by a favorable decision." *Id.* (internal quotations and citations omitted).

This live case, or redressable dispute, must persist throughout all stages of the litigation in order for a federal court to maintain jurisdiction. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))). If at any point a litigant fails to meet any of the three criteria for standing, then there is no case or controversy, and the issue becomes moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013).

Amin's petition is moot. Amin challenges the legality of his detention pending removal, not the legality of his removal order. His only request for relief was that he be released. Amin has been deported, and is no longer in custody. There is, therefore, no injury caused by respondent that can be redressed by this Court, and the Article III case-or-controversy requirement cannot be satisfied. *See Atem v. Ashcroft*, 312 F. Supp. 2d 792, 796 (E.D. Va. 2004) ("Atem's petition for a writ of habeas corpus seeking release from []ICE custody is moot owing to the fact that he is no longer in []ICE custody."). This Court lacks jurisdiction to address the merits of Amin's petition, which raises an issue that is moot.

3

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 8, be **GRANTED**, and the petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
March 12, 2020